UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
LEON BRADLEY,                                          :
                                                       :
          Petitioner,                         :   03 Civ. 9063 (HB)
                                                       :
          - v-                                :   **OPINION & ORDER**
                                                       :
UNITED STATES OF AMERICA,                              :
                                                       :
          Respondent.                         :
------------------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge[∗]:**

      On November 17, 2003, Petitioner, Leon Bradley ("Petitioner" or "Bradley"), petitioned this Court for a writ of habeas corpus to vacate, set aside, or correct his sentence of 108 months, pursuant to 28 U.S.C. § 2255.[1] (Dckt. 1.) Petitioner claims: (1) denial of his right to appeal, (2) ineffective assistance of counsel, (3) lack of subject matter jurisdiction, (4) unconstitutionality of 21 U.S.C. § 846 and, and (5) unconstitutionality of the Sentencing Guidelines. For the foregoing reasons, Bradley's petition for a writ of habeas corpus is DENIED.

## I. BACKGROUND

      The facts in this case are undisputed and set forth by Magistrate Judge Gabriel W. Gorenstein in his articulate May 28, 2004 Report and Recommendation (the "R&R"). See United States v. Bradley, No 02 Cr. 104, 2004 WL 1179313 (S.D.N.Y. May 28, 2004). They will not be repeated here but for those that bear on Petitioner's specific objections.

      On February 7, 2002, Petitioner, along with several codefendants, was charged in a two count Superseding Indictment with conspiracy to distribute over one kilogram of heroin and over five kilograms of cocaine in violation of 21 U.S.C. § 846. (Ind. at ¶¶ 1-3.) The Indictment alleged, inter alia, that Petitioner, along with his coconspirators, arranged for the transportation of heroin from the Bronx, New York, to Baltimore, Maryland, and for Bradley to return with the proceeds from a previous narcotics purchase. (Ind. at ¶¶ 4a-b.)

---

[∗] Paul-Philippe L. Reyes, a summer 2005 intern in my Chambers, and currently a second year law student at Brooklyn Law School, provided substantial assistance in the research and drafting of this Opinion.
[1] The Honorable Allen G. Schwartz, unexpectedly and regrettably passed away on March 22, 2003. The case was subsequently reassigned and submitted to Judge Baer. We review the sentence imposed by Judge Schwartz as if the underlying criminal action was originally brought before this Court. See e.g., Olaya–Rodriguez v. United States, No. 02 Civ. 4153, 2003 WL 21219854, at *1 (S.D.N.Y. May 23, 2003).

On June 28, 2002, pursuant to a plea agreement (the "Plea Agreement," dated June 28, 2002), Petitioner pled guilty to one count of conspiracy to distribute narcotics before Magistrate Judge Debra C. Freeman. (Plea Tr. 6:14-19.) (Crim. Dckt. 64.) According to the terms of the Plea Agreement, Petitioner would plead guilty and be sentenced in accordance with the Sentencing Guidelines, subject to the permissible discretion of the sentencing judge. (Plea Agreement, at ¶¶ 2-3.) In addition, the Plea Agreement required Petitioner to abandon his right to appeal:

> [D]efendant will neither appeal, nor otherwise litigate under Title 28, United States Code, Sections 2255 and/or 2241, any sentence within or below the Stipulated Guidelines Range set forth above (135 to 168 months) . . . . This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.

(Plea Agreement, at ¶ 4.) In return, the Government agreed not to object to Petitioner's application for safety-valve relief under 18 U.S.C. 3553(f). (Id.)

During sentencing, Petitioner consented to all the terms and conditions of the Plea Agreement. (Plea Tr. 11:18-25; 12:1.) Although he indicated that nobody pressured him to plead guilty, he did say, "twenty-five years. That's pressure." (Plea Tr. 11:14.) When asked by the court, Petitioner stated that he "freely" and "voluntarily" waived his right to plead not guilty and proceed to trial. (Plea Tr. 9:23-25; 16:9-17.) Petitioner also expressed satisfaction with the representation of his attorney, Robert Krakow ("Krakow"), and relinquished, as stated by the court, "the right to challenge [the] sentence both on appeal to the Court of Appeals and also by any further application to Judge Schwartz." (Plea Tr. 13:5-7.) Considering both the Guidelines and Petitioner's application for safety-valve relief, Judge Schwartz sentenced Petitioner to a prison term of 108 months. (Crim. Dckt. 91.) Petitioner did not appeal his sentence.

On November 17, 2003, Petitioner filed the instant petition for a writ of habeas corpus. (Dckt. 1.) The matter was referred to Magistrate Judge Gabriel W. Gorenstein on April 2, 2004 who, on May 28, 2004, recommended that Petitioner's request for relief be denied. Bradley, No. 02 Cr. 104, 2004 WL 1179313, at *1. On April 24, 2005, Petitioner objected to the R&R in toto. (Obj. to R&R, dated Apr. 24, 2005) (Dckt. 11.)

## II. STANDARD OF REVIEW

Pursuant to the Federal Rules of Civil Procedure, a district court reviews de novo those portions of an R&R to which Petitioner interposes an objection; otherwise, the court reviews for clear error. 28 U.S.C. § 636(b)(1) (2005); see also Fed. R. Civ. P. 72(b). Here, Petitioner objects to the R&R in its entirety and, therefore, I review his claims de novo.

In accordance with 28 U.S.C. § 2255, to prevail on a petition for a writ of habeas corpus, a petitioner must demonstrate:

> [T]he sentence was imposed in violation of the Constitution or laws of the Untied States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is other wise subject to collateral attack.

28 U.S.C. § 2255 (2005). A petition for a writ of habeas corpus is a collateral action and, therefore, claims not raised on direct review are procedurally barred unless they present constitutional or jurisdictional claims, or result in "a complete miscarriage of justice." Johnson v. United States, 313 F.3d 815, 817 (2d Cir. 2002); see also Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996); Campo v. United States, 968 F.2d 187, 190 (2d Cir. 1992) ("[F]ailure to raise a claim on direct appeal is itself a default of normal appellate procedure, which a defendant can overcome only by showing cause and prejudice."). A petitioner who attempts to raise a claim for the first time on collateral review must demonstrate both (1) "cause" excusing his procedural default, and (2) "actual prejudice" resulting from the errors. See Reed v. Farley, 512 U.S. 339, 354 (1994) (citing to Wainwright v. Sykes, 433 U.S. 72, 84, 87 (1977)). "Cause" requires the petitioner to demonstrate that he was prevented from filing a direct appeal. See Sanchez v. United States, No. 04 Civ. 1827, 2005 WL 1005159, at *2 (S.D.N.Y. Apr. 30, 2005). "Actual prejudice" requires "a petitioner to demonstrate actual innocence on the existing claim and an inability to effectively raise their claim of innocence at an earlier time." Id., 2005 WL 1005159, at *2 (internal citation omitted).

## III. DISCUSSION

Petitioner presents five claims in the instant petition for habeas corpus: (1) denial of his right to appeal, (2) ineffective assistance of counsel, (3) lack of subject matter jurisdiction, (4) unconstitutionality of 21 U.S.C. § 846 and related statutes, and (5) unconstitutionality of the Sentencing Guidelines.

3

1.  **Right to Appeal**

The threshold issue in the instant petition is whether Petitioner's waiver of right to appeal or otherwise file a habeas corpus petition forecloses review of any or all of his claims.

In general, a plea agreement is enforceable "only if done voluntarily, knowingly, and intelligently, with sufficient awareness of the relevant circumstances and likely consequences." Bradshaw v. Stumpf, 545 U.S. ----, 2005 WL 1383730, at *5 (Jun. 13, 2005). A plea agreement is entered into "knowingly" if the record clearly demonstrates that defendant fully comprehended the consequences of the waiver. See United States v. Monzon, 359 F.3d 110, 116 (2d Cir. 2004); see also United States v. Ready, 82 F.3d 551, 557 (2d Cir. 1996). A plea agreement is "voluntary" if the defendant is neither coerced into signing by threats or violence, nor induced into signing by fraud or improper influence. See Brady v. United States, 397 U.S. 742, 753 (1970). Provided that the plea agreement, and, in particular, the waiver, is entered into "knowingly" and "voluntarily" a defendant may not file an appeal and, "escape the fairly bargained-for-consequences of [his] agreement." Monzon, 359 F.3d at 117; see Bradshaw, 545 U.S. ----, 2005 WL 1383730, at *5. A court may ascertain that a defendant "knowingly" and "voluntarily" entered into the plea agreement from, among other things, the defendant's statements at allocution. See United States v. Hernandez, 242 F.3d 110, 112 (2d Cir. 2001).

Here, Petitioner accepted all the terms of the Plea Agreement and swore to as much at his sentencing:

> Q: I have a copy of this plea agreement between you and the government dated June 28, 2002. Did you sign this plea agreement?
>
> A: Yes.
>
> Q: Before you signed it, did you discuss it with your attorney?
>
> A: Yes, I did.

(Plea Tr. 11:18-12:1.)

Accordingly, as Petitioner entered into the Plea Agreement "knowingly," "voluntarily," and "intelligently," the Plea Agreement is presumed to be valid, and the waiver of right to appeal bars the instant petition for a writ of habeas corpus.

## 2. Ineffective Assistance of Counsel

A limited exception to the bar imposed by the waiver of right to appeal is Petitioner's ineffective assistance of counsel claim. Ineffective assistance of counsel claims may be brought at any time, even if after the time to raise the issue on direct appeal has expired. See Massaro v. United States, 538 U.S. 500, 509 (2003).

To prevail on an ineffective assistance of counsel claim, a petitioner must overcome a presumption of effective representation and demonstrate "(a) that counsel's representation fell below an objective standard or reasonableness under prevailing professional norms, and (b) that the deficient performance prejudiced the defendant." Henry v. Poole, 409 F.3d 48, 14 (2d Cir. 2005 (citing to Strickland, 466 U.S. at 687-88); Rompilla v. Beard, 545 U.S. ----, 2005 WL 1421390, at *5 (Jun. 20, 2005) ("Ineffective assistance under Strickland is deficient performance by counsel resulting in prejudice with performance being measured against an objective standard of reasonableness under prevailing professional norms."). In essence, the Petitioner must prove that "but for" Defendant counsel's unprofessional conduct there is a "reasonable probability" that the outcome of the proceedings would have been different. See e.g., Rompilla, 545 U.S. ----, 2005 WL 1421390, at *10 ("[T]here is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.").

Construing the petition liberally,[2] Petitioner argues that his counsel was ineffective when counsel failed to inform him prior to his plea that (1) 21 U.S.C. § 846, the statute under which Petitioner was charged, was unconstitutional, and that (2) the Sentencing Guidelines would be rendered unconstitutional. According to Petitioner, these two deficiencies led him to enter a plea bargain that he otherwise would have rejected.

First, Petitioner claims that "his counsel was ineffective for not disclosing that his charge was unconstitutional," and that "[i]f not for the conduct of petitioner's counsel, the petitioner would have pled innocent." (Dckt. 1.) Here, Petitioner's claim that 21 U.S.C. § 846 was unconstitutional is belied by the fact that numerous courts have upheld the constitutionality of the statute.[3] Accordingly, Petitioner's claim that Defendant counsel was ineffective for failing to claim 21 U.S.C. § 846 unconstitutional is inapposite.

---

[2] Where a petitioner who lacks expertise appears pro se, the court should review a habeas corpus petition liberally and any ambiguities should be construed in his favor. See Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995).
[3] See, e.g., United States v. Genaro, 79 F.3d 1333 (2d Cir. 1996); see also United States v. Leshuch, 65 F.3d 1105, 1112 (4th Cir. 1995); United States v. Berad, 47 F.3d 1101, 1103 (11th Cir. 1995); United States v. Rodriguez – Canallo, 468 F.2d 1220, 1221-22 (9th Cir. 1972).

Second, Petitioner claims ineffective assistance because counsel failed to indicate that the Sentencing Guidelines would be ruled unconstitutional, and argued that this Court should retroactively apply the Supreme Court's holdings in United States v. Booker, 125 S. Ct. 738 (2005), Blakely v. Washington, 124 S. Ct. 2531 (2004), and Crawford v. Washington, 541 U.S. 36 (2004). (Dckt. 11.) In particular, Petitioner claims "that the Justices who rule on constitutionality show that the Constitution never changes and that the judicial function is limited to what the law is, rather than decreeing what it is today changed to, or what it will be tomorrow." (Id.)

The Second Circuit has repeatedly explained that the holdings of Blakely and Booker do not apply retroactively on collateral review:

> We hold that Booker is not retroactive: it does not apply to cases on collateral review where the defendant's conviction was final as of January 12, 2005, the date Booker was issued.

Guzman v. United States, 404 F.3d 139, 2005 WL 803214, at *1 (2d Cir. 2005) ("This court has held that Booker does not apply retroactively to cases on collateral review."); see also Green v. United States, 397 F.3d 101, 103 (2d Cir. 2005). This complies with the general notion that a new rule applies only where the disposition of a case is not final. Teague v. Lane, 489 U.S. 288, 316 (1989).

Here, since Petitioner's case became final upon his plea, his petition for a writ of habeas corpus constitutes a collateral action and, therefore, does not warrant application of the rules articulated Booker, Blakely, or Crawford. In addition, Petitioner confirmed that he discussed the implications of the Sentencing Guidelines with his attorney, including the possibility that Petitioner's sentence might not be tied to the Sentencing Guidelines at all. (Plea Tr. 10:8-22.)

Accordingly, Petitioner's claim for ineffective assistance of counsel is DENIED.

## IV. CONCLUSION

For the aforementioned reasons, Bradley's petition for a writ of habeas corpus is DENIED. The Clerk of the Court is instructed to close this case and any pending motions and ORDERED to remove this case from my docket.

**IT IS SO ORDERED.**
New York, New York
August __, 2005

_____
U.S.D.J.